UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANDRES DAMIAN,<br><br>    Plaintiff,<br><br>v.<br><br>AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY,<br><br>    Defendant. | Case No. 2:25-cv-00964-NJK<br><br>**Order**<br><br>[Docket No. 18] |

Pending before the Court is the parties' second stipulated protective order, wherein they seek judicial approval of their agreement regarding the designation and handling of material they deem to be confidential. Docket No. 18.

The parties previously filed a stipulated protective order. Docket No. 14. The Court denied that stipulation and explained to the parties that "[n]o meaningful showing has been made as to why judicial oversight is required for the parties' agreement." Docket No. 15. at 2. The parties have now re-filed a nearly identical document and baldly submit that "defendant is requiring an order before disclosing the documents that would be subject to the Order." Docket No. 18 at 1. Further, the parties request the Court grant the stipulation so that Plaintiff does not have to file a motion to compel to obtain the documents at issue. *Id.*

As the Court has already stated, discovery is meant to proceed "largely unsupervised by the district court." *Sali v. Corona Reg. Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018); *see also Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015) (quoting *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986)). Unless such stipulation interferes with court proceedings or deadlines, parties may agree among themselves to discovery procedures without obtaining judicial approval. Fed. R. Civ. P. 29(b). Permissible extra-judicial discovery agreements

1

may extend to establishing procedures and protections regarding the exchange of confidential discovery material. *See, e.g.*, *Midwest Athletics & Sports All. LLC v. Ricoh USA, Inc.*, 332 F.R.D. 159, 161 (E.D. Penn. 2019) (denying stipulated protective order, while also explaining that, "[n]otwithstanding the absence of judicial *imprimatur*, the parties may agree to maintain confidentiality of discovery materials"); *David J. Frank Landscape Cont'g, Inc. v. La Rosa Landscape*, 199 F.R.D. 314, 315 (E.D. Wis. 2001) (denying stipulated protective order, while also explaining that "[t]he parties are free to enter agreements between themselves regarding how they will disseminate material produced in discovery").[1] When parties seek judicial approval of a discovery agreement that does not require judicial approval, judges are well within their discretion to deny such request as unnecessary. *See, e.g.*, *Comminey v. Sam's W. Inc.*, 2020 WL 2764610, at *1 (D. Nev. May 27, 2020) (overruling objection).

The parties in this case ask for judicial approval of their agreement as to the designation and treatment of documents they deem to be confidential. Once again, the request for a protective order does not provide a factual basis for the Court to determine that any discovery material warrants confidential treatment. Instead, the request indicates that the parties may in the future designate material as confidential "which that party or non-party considers in good faith to contain confidential information." Docket No. 18 at 1-2. As explained previously, the parties' agreement for a designation procedure already appears to be enforceable pursuant to Rule 29(b). *See* Docket No. 15 at 2. The agreement itself acknowledges that "the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in court." Docket No. 18 at 3. No meaningful showing, or any showing whatsoever other than a party's preference, has been made as to why judicial oversight in the form of a protective order is warranted. This remains true as to the documents Defendant "require[es] an order before disclosing." *Id.* at 1.

---

[1] If discovery material is later filed with the Court, a proper showing must be made at that point to support any request for sealing or redaction. *See, e.g.*, *Ricoh*, 332 F.R.D. at 161.

1 | Accordingly, the stipulation is **DENIED** without prejudice. Docket No. 18. The parties
2 | must diligently conduct discovery. If any party fails to engage in discovery as required by the
3 | rules and caselaw, sanctions may issue.
4 | IT IS SO ORDERED.
5 | Dated: October 10, 2025

 _____
Nancy J. Koppe
United States Magistrate Judge