# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

ANDRES DAMIAN,

    Plaintiff,

v.

AMERICAN NATIONAL PROPERTY AND
CASUALTY COMPANY,

    Defendant.

Case No. 2:25-cv-00964-NJK

**Order**

[Docket No. 27]

Pending before the Court is a stipulation to extend case management deadlines. Docket No. 27.

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The diligence obligation is ongoing." *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012). "The showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed." *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1177 (D. Nev. 2022). The Court considers whether relief from the scheduling order is sought based on the development of matters that could not have been reasonably anticipated at the time the schedule was established. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999). Courts may also consider other pertinent circumstances, including whether the movant was diligent in seeking modification of the scheduling order once it became apparent that the movant required relief from the deadline at issue. *Sharp v. Covenant Care LLC*, 288 F.R.D. 465, 467 (S.D. Cal. 2012). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609. When diligence has not been shown in support of an extension

1

request, "the inquiry should end." *Id.*[1] Although the Court may consider the joint nature of a stipulation to extend, "[t]hat a request is made jointly neither mandates allowance of the extension sought nor exempts parties from making the necessary showings to justify that relief." *Williams*, 627 F. Supp. 3d at 1178.

This is the parties' fourth request for an extension of case management deadlines. Docket No. 27; *see also* Docket Nos. 16, 20, 23. The instant stipulation is, once again, inconsistent regarding the length of the extension requested. *Contrast* Docket No. 27 at 2 ("by thirty (30) days") *with id.* at 4 ("period of ninety (90) days") *with id.* at 4 (proposed new deadlines; requesting an extension of approximately 60 days from the incorrect case management deadlines); *see also* Docket No. 24 at 2 (the Court's order identifying the same issue in the parties' previous stipulation). Additionally, the stipulation, once again, fails to provide the correct current case management deadlines. *Contrast* Docket No. 27 at 4 *with* Docket No. 23 at 3; *see also* Docket No. 24 at 2 (the Court's order identifying the same issue in the parties' previous stipulation).

Further, among the reasons provided for the extension requested is that additional time is needed to "provide information to experts before the current initial expert disclosure deadline." Docket No. 27 at 2. However, the Court has previously informed the parties that needing additional time to obtain necessary information does not establish good cause for the extension sought. *See* Docket Nos. 24 at 2, 17 at 1-2 (citing *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1180 (D. Nev. 2022)). Moreover, the scheduling order in this matter was entered on July 16, 2025, *see* Docket No. 13, and the parties have not demonstrated diligence in conducting discovery through this period. *See* Docket No. 27 at 2-3.

Nonetheless, the Court is sympathetic to defense counsel's wife's medical issues and finds that good cause exists for a <u>final</u> 30-day extension of the subject deadlines. Given the parties' lack of diligence in conducting discovery to date, the Court is not inclined to grant any further

---

[1] The Ninth Circuit has emphasized the importance of scheduling orders, *see Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 641 (D. Nev. 2011) (collecting cases), and has stated bluntly that Rule 16 scheduling orders must "be taken seriously," *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994).

extensions.  Accordingly, the Court **GRANTS** the parties' stipulation in part.  Docket No. 27.  Case management deadlines are **RESET** as follows:

- Initial expert disclosures:  March 9, 2026

- Rebuttal expert disclosures:  April 6, 2026

- Discovery cutoff:  May 6, 2026

- Dispositive motions:  June 5, 2026

- Joint proposed pretrial order:  July 6, 2026, or 30 days after resolution of dispositive motions

IT IS SO ORDERED.

Dated: January 20, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

3