# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ANDRES DAMIAN,

    Plaintiff,

v.

AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY,

    Defendant.

Case No. 2:25-cv-00964-NJK

**Order**

[Docket No. 30]

Pending before the Court is Defendant's renewed motion for a protective order. Docket No. 30. Plaintiff filed a response in opposition. Docket No. 31. Defendant filed a reply. Docket No. 34. The motion is properly resolved without a hearing. *See* Local Rule 78-1.

## I.    BACKGROUND

Defendant issued an insurance policy to Plaintiff's employer, which provided Plaintiff with underinsured motorist ("UIM") coverage. This suit arises from Defendant's alleged mishandling of Plaintiff's UIM claim following a car accident involving Plaintiff and a nonparty.

On November 14, 2025, Plaintiff noticed the deposition of Defendant's Rule 30(b)(6) witness. Docket No. 22 at 15-24. Defendant filed a motion for a protective order as to various deposition topics. Docket No. 22. On January 8, 2026, Plaintiff deposed Defendant's Rule 30(b)(6) witness, but the parties agreed not to address the topics at issue in the motion. *See* Docket No. 30 at 35 (excerpt from deposition transcript). On January 22, 2026, the Court denied the motion without prejudice and ordered that "[a]ny renewed briefing—by both parties—must be structured so that meaningful discussion supported by legal authority is presented as to each argument being presented for resolution." Docket No. 29 at 4. Further, the Court explained that discovery motions are not exempt from the requirement to present sufficiently developed argument and that simply reciting discovery requests and objections is insufficient to enable judicial resolution. *See id.* at 3-4 (citing *On Demand Direct Response, LLC v. McCart-Pollak*, 2018 WL

2014067, at *1 n.2 (D. Nev. Apr. 30, 2018)).  On February 2, 2026, Defendant filed the instant motion.  Docket No. 30.

## II.    STANDARDS

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998).  Parties are permitted to seek discovery of any nonprivileged matter that is relevant and proportional to the needs of the case.  Fed. R. Civ. P. 26(b)(1).  District courts enjoy wide discretion in deciding relevancy for discovery purposes.[1]  *E.g.*, *Shaw v. Experian Info. Solutions, Inc.*, 306 F.R.D. 293, 296 (S.D. Cal. 2015).  To be permissible, discovery must be "relevant to any party's claim or defense."  *In re Bard IVC Filters Prods. Liab. Litig.*, 317 F.R.D. 562, 563-64 (D. Ariz. 2016) (discussing impact of 2015 amendments to definition of relevance for discovery purposes).  Relevance for the purposes of discovery is defined broadly.  *See, e.g.*, *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019).

"Proportionality focuses on the marginal utility of the discovery being sought." *Guerrero v. Wharton*, No. 2:16-CV-01667-GMN-NJK, 2017 WL 7314240, at *2 (D. Nev. Mar. 30, 2017) (citing *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 180 F. Supp. 3d 273, 280 n.43 (S.D.N.Y. 2016)).  Proportionality is judged based on: (1) the importance of the issues at stake in the action; (2) the amount in controversy; (3) the parties' relative access to relevant information; (4) the parties' resources; (5) the importance of the discovery in resolving the issues; and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit.  Fed. R. Civ. P. 26(b)(1).  "At bottom, proportionality is a 'common-sense concept' that should be applied to establish reasonable limits on discovery." *Guerrero v. Wharton*, No. 2:16-CV-01667-GMN-NJK, 2017 WL 7314240, at *2 (D. Nev. Mar. 30, 2017) (quoting *Sprint Comm's Co. v. Crow Creek Sioux Tribal Court*, 316 F.R.D. 254, 263 (D.S.D. 2016)).

---

[1] The reliance on the relevance standard for trial encompassed in Rule 401 of the Federal Rules of Evidence is misplaced.  Material may be discoverable even if not admissible at trial, Fed. R. Civ. P. 26(b)(1), and relevance for discovery purposes is broader than relevance for trial purposes, *see, e.g.*, *F.T.C. v. AMG Services, Inc.*, 291 F.R.D. 544, 552 (D. Nev. 2013).

2

A party from whom discovery is sought may move for a protective order. *See* Fed. R. Civ. P. 26(c). For good cause shown, courts may issue a protective order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense*. See id.* "The party seeking issuance of a protective order bears the burden of explaining why discovery should be denied." *Swenson v. GEICO Cas. Co.*, 336 F.R.D. 206, 208 (D. Nev. 2020), *objections overruled,* No. 2:19-CV-01639-JCM-NJK, 2020 WL 8871311 (D. Nev. Aug. 26, 2020). To meet this burden, the party seeking the protective order must demonstrate a particular need for protection supported by specific facts. *See id.* (citing *U.S. E.E.O.C. v. Caesars Entm't, Inc.*, 237 F.R.D. 428, 432 (D. Nev. 2006) (citing *Cipollone v. Liggett Grp.*, 785 F.2d 1108, 1121 (3d Cir. 1986)). Courts insist "on a particular and specific demonstration of fact, as distinguished from conclusory statements." *Swenson*, 336 F.R.D. at 208–09 (citing *Twin City Fire Ins. Co. v. Emps. Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989)). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, are insufficient." *Swenson*, 336 F.R.D. at 208–09 (citing *Caesars Entm't, Inc.*, 237 F.R.D. at 432). Further, merely showing that discovery may involve some inconvenience or expense is insufficient to obtain a protective order. *See Swenson*, 336 F.R.D. at 209 (citing *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997)).

**III.    ANALYSIS**

Defendant seeks a protective order as to all the subtopics listed in Topic 1 of the deposition subpoena, as well as Topics 3.C and 4.C. Defendant submits that the subtopics listed in Topic 1 are not relevant to the issues in this case and that it would be overly burdensome to obtain the information requested. *See* Docket No. 30 at 9. As to Topics 3.C and 4.C, Defendant contends that it "would be impossible to prepare" its Rule 30(b)(6) witness to testify on these issues. *See id.* at 15.

**A. Topic 1**

Topic 1 consists of nine subtopics, each focusing on distinct business information. *See* Docket No. 30 at 4-5, 20. In the instant motion, Defendant's argument nudges across the line of sufficiency, as it provides adequate explanation as to why each of the subtopics is not relevant to

Plaintiff's claims. *See* Docket No. 30 at 9-15. Despite the Court's previous order explaining that the parties must present meaningfully developed argument as to each disputed issue and that "Plaintiff's response similarly fails to cite authority regarding its argument," Plaintiff, once again, fails to do so here. *See* Docket No. 22 at 3-4; *see also* Docket No. 31 at 6. Plaintiff's argument as to why discovery into nine subtopics is relevant consists of approximately seven sentences of argument and includes a single citation to caselaw. *See* Docket No. 31 at 6:8-6:18, 9:3-9:20. Further, Plaintiff fails to respond to the caselaw provided in Defendant's motion with any meaningful argument.[2]

Accordingly, Defendant's renewed motion for a protective order is granted as to Topic 1. *See Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) ("In most circumstances, failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue"); *see also* Local Rule 7-2 ("The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion"); *see also Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013).

### B. Topics 3.C and 4.C

Topics 3.C and 4.C seek "[a]ll applicable state insurance laws, statutes, regulations, good faith and fair dealing legal standards, and unfair claims practices acts as alleged in the causes of action in Plaintiff's Complaint." *See* Docket No. 30 at 23, 24. Defendant contends that this Court has previously held that requesting a witness to testify on the application of the law to the party is improper. *See* Docket No. 30 at 15 (citing *Torgerson v. State Farm Mut. Auto. Ins. Co.*, 2023 WL 11842844, at *3 (D. Nev. June 14, 2023)). Further, Defendant submits that depositions are designed to discover facts and not legal theories. *See* Docket No. 30 at 15 (citing *JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361, 362–63 (S.D.N.Y. 2002)). Plaintiff contends that

---

[2] For example, Plaintiff argues that Defendant's "citation to *Prolo v. Blackmon* is unavailing," but fails to provide any further argument or discussion as to why this case is distinguishable. *See* Docket No. 31 at 9.

these subtopics only seek factual testimony about Defendant's knowledge of applicable legal requirements and how Defendant incorporated those requirements into policies, procedures, and training. *See* Docket No. 31 at 9. Further, Plaintiff contends that Defendant's citations are misplaced because those cases involved requests for witnesses to interpret or apply law to facts, not testify about corporate knowledge of legal obligations. *Id.* at 9-10.

Topic 8 in *Torgerson*, 2023 WL 11842844, at *3 (D. Nev. June 14, 2023), required the witness to be prepared to testify to "Nevada rules, cases, laws and statutes applicable to Defendant Insurance Company and the CLAIM." *See also* 3:21-cv-00452-MMD-CSD, Docket No. 55 at 13 (exhibit to the motion listing deposition topics). United States Magistrate Judge Craig S. Denney held that topic 8 was among several topics which contained overly broad language and "blatantly ignore[d] the purpose of a Rule 30(b)(6) deposition, which is to 'streamline the discovery process.'" *Torgerson*, 2023 WL 11842844, at *3 (citing *Risinger v. SOC, LLC*, 306 F.R.D. 655, 662 (D. Nev. 2015)). Contrary to Plaintiff's contention, Topics 3.C and 4.C in this case are nearly identical to topic 8 in *Torgerson*.

Accordingly, Defendant's renewed motion for a protective order is granted as to Topics 3.C and 4.C.

**IV.    CONCLUSION**

For the reasons discussed above, the Court **GRANTS** Defendant's renewed motion for a protective order. Docket No. 30.

IT IS SO ORDERED.

Dated: March 3, 2026.

_____
Nancy J. Koppe
United States Magistrate Judge