**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ANDRES DAMIAN,

    Plaintiff,

v.

AMERICAN NATIONAL PROPERTY AND
CASUALTY COMPANY,

    Defendant.

Case No. 2:25-cv-00964-NJK

**Order**

[Docket No. 38]

Pending before the Court is the parties' sixth stipulation to extend case management deadlines. Docket No. 38.

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The diligence obligation is ongoing." *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012). "The showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed." *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1177 (D. Nev. 2022). The Court considers whether relief from the scheduling order is sought based on the development of matters that could not have been reasonably anticipated at the time the schedule was established. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999). Courts may also consider other pertinent circumstances, including whether the movant was diligent in seeking modification of the scheduling order once it became apparent that the movant required relief from the deadline at issue. *Sharp v. Covenant Care LLC*, 288 F.R.D. 465, 467 (S.D. Cal. 2012). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609. When diligence has not been shown in support of an extension request, "the inquiry should end." *Id.*[1] Although the Court may consider the joint nature of a

---

[1] The Ninth Circuit has emphasized the importance of scheduling orders, *see Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 641 (D. Nev. 2011) (collecting cases), and has stated

1

stipulation to extend, "[t]hat a request is made jointly neither mandates allowance of the extension sought nor exempts parties from making the necessary showings to justify that relief." *Williams*, 627 F. Supp. 3d at 1178.

This is the parties' sixth request for an extension of case management deadlines. Docket No. 38; *see also* Docket Nos. 16, 20, 23, 27, 36. The parties submit that an extension is warranted because Plaintiff's bad faith expert provided opinions relating to Defendant's counsel's handling of pre-litigation matters, Defendant believes it needs new counsel to defend it in this case. Docket No. 38 at 3-4. However, Defendant has not filed a motion or stipulation for new counsel, and the stipulation fails to identify whether Defendant has retained new counsel. *See id.*; *see also* Docket.

Accordingly, the Court **DENIES without prejudice** the parties' stipulation. Docket No. 38. Case management deadlines remain as follows:

- Rebuttal expert disclosures:  April 6, 2026

- Discovery cutoff:  May 6, 2026

- Dispositive motions:  June 5, 2026

- Joint proposed pretrial order:  July 6, 2026, or 30 days after resolution of dispositive motions

IT IS SO ORDERED.

Dated: March 25, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

bluntly that Rule 16 scheduling orders must "be taken seriously," *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994).